IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABSALOM SHREVES, #132380, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:16-CV-91-WHA |
| | ) |
| JEFFERSON S. DUNN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Absalom Shreves ("Shreves"), a state inmate, alleging he is being denied an adequate amount of sleep. On June 8, 2016, Shreves filed a document styled as a Motion for Acknowledgement from the Court (Doc. 16), in which he references a request for class certification under Federal Rule of Civil Procedure 23. The court construes this document to contain a motion for class certification, and RECOMMENDS that this motion be DENIED.

Shreves is a *pro se* inmate unschooled in the law who seeks to represent the interests of other inmates currently experiencing sleep deprivation during their incarceration. In order to maintain an action as a class action, the court must be satisfied, among other requirements, that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate

the claims of other individuals. The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983). Moreover, the court finds that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications of the type contemplated by Rule 23 with respect to any general claims for relief. Fed. R. Civ. P. 23(b)(1)(A). Furthermore, the court has been given no basis on which to find that the questions of fact common to proposed class members predominate over the questions affecting projected individual members. Fed. R. Civ. P. 23(b)(3); *see also England*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify action as a class action finding that "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent grant of request for class certification). Thus, the court concludes that the plaintiff's motion to certify this case as a class action is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion for class certification contained in his Motion for Acknowledgement from the Court (Doc. 16) be DENIED.

It is further ORDERED that on or before **June 24, 2016** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District

Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

      DONE this 10th day of June, 2016.

                                  /s/ Gray M. Borden
                            UNITED STATES MAGISTRATE JUDGE