IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABSALOM SHREVES, #132380, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-91-WHA |
| ) | |
| JEFFERSON S. DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Absalom Shreves ("Shreves"), an indigent state inmate incarcerated at the Staton Correctional Facility. In the complaint, Shreves alleges that he is unable to obtain "a natur[al] 8 hours of undisturbed sleep" while incarcerated. Doc. 1 at 4. Shreves alleges that the defendants have acted with deliberate indifference to his need for an adequate amount of sleep and this has caused him to suffer "five heart attacks" and "lung cancer." Doc. 1 at 5.

Pursuant to the orders of this court, the defendants filed a written report and a supplemental report and supporting evidentiary materials, including affidavits, in which they address the claims for relief presented by Shreves. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Shreves. The defendants assert and the documented evidence indicates that the defendants did not act

1

with deliberate indifference to the plaintiff's need for sleep in that he has been provided adequate periods of time during which he may sleep. Docs. 13-3, 13-4 & 30-1. In addition, Dr. Ronald Herring, the Medical Director for Staton, attests "to a reasonable degree of medical certainty, that Mr. Shreves did not contract cancer [or suffer a heart attack] from sleep deprivation." Doc. 30-2 at 2.

In light of the foregoing, the court issued an order directing Shreves to file a response to the defendants' written reports. Doc. 31. The order advised Shreves that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 31 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 31 at 1 (emphasis in original). The time allotted Shreves for filing a response in compliance with the directives of this order expired on July 15, 2016. As of the present date, Shreves has failed to file a response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After review, it is clear that dismissal of this case is the proper course of action at this time. Shreves is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally,

2

Shreves's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Shreves' compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before August 24, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal

and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 3rd day of August, 2016.

                              /s/     Gray M. Borden
                              UNITED STATES MAGISTRATE JUDGE